UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:  CASE NO. 14-10250-KKS
DEBRA CLAYTON MINOR,  CHAPTER 13
a/k/a Debra Clayton; a/k/a Debra D. Minor
    Debtor.
_____/

# CHAPTER 13 PLAN

### DEBTOR PLAN PAYMENTS AND TERM

1. **Payments to the Trustee:** The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of $732.65 per month for 60 months.  The Debtor shall pay to the Trustee the tax refunds for five years.

Total of base plan payments: $43,959.00

2. **Plan Length:** The term of the plan is for 60 months.

### GENERAL PROVISIONS REGARDING CLAIMS

3. Allowed claims against the Debtors shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

### PAYMENTS DISBURSED BY CHAPTER 13 TRUSTEE

4.  From the payments received under the plan, the trustee shall make disbursements as follows:

    **a. Administrative Expenses/ Priority Claims**

    (1) Trustee's Fee: As determined by the Attorney General of the United States.

    (2) Filing Fee (unpaid portion): N/A

    (3) Priority Claims under 11 U.S.C. §507 – Domestic Support Obligations

(a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(b) The name(s) of the holder of any domestic support obligation are as follows (11 U.S.C. §§ 101(14A) and 1302(b)(6)): **None**

( c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).

| Creditor (Name) | Estimated arrearage claim |
|---|---|
| None | |

(d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

**Claimant and proposed treatment:**     None

(4) Attorney's Fee (unpaid portion): $2,310.00 fees; $200.00 costs

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees of $250.00 upon the filing of the required annual statement each year, if funds are available. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fee of $500.00 for the plan modification.  In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Internal Revenue Service** | **$2,022.32** | **N/A** |

**b. Secured Claims Disbursed by Trustee**

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506.  Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| None | | |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name | Amount of Secured Claim | Interest Rate (If specified) |
|---|---|---|
| **TD Auto Finance** | **$22,540.00** | **5.25% (estimated total paid over plan term = $25,676.40)** |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| None | | | |

**c. Unsecured Claims**

General Nonpriority Unsecured: Unsecured debts shall be paid approximately 44 cents on the dollar and paid pro rata.

5. Pre-petition defaults owed to the following creditors will be cured over the plan term:

| **Creditor** | **Amount of Default to be Cured** | **Interest Rate (If specified)** |
|---|---|---|
| None | | N/A |

**PAYMENTS MADE DIRECTLY TO CLAIMANT BY DEBTOR**

6. The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **None** | | | |

Upon entry of the Order Confirming Plan, the automatic stay shall be terminated as to the in rem rights of creditors whose secured claims are being paid directly by the Debtor.

**EXECUTORY CONTRACTS AND LEASES**

7. The Debtor will continue to comply with the terms of assumed executory contracts and leases.  If a contract or lease is rejected, the stay under 11 U.S.C. 362 and any stay under  11 U.S.C. is automatically terminated with respect to the property subject to the lease.

(1)  The following executory contracts of the debtor are rejected:

| **Other Party** | **Description of Contract or Lease** |
|---|---|
| **Misner Realty** | **Residential lease, $975.00 per month through 3/31/15** |

(2)  The following executory contracts of the debtor are assumed:

| **Other Party** | **Description of Contract or Lease** |
|---|---|
| **None** | |

3

**PROPERTY TO BE SURRENDERED TO CLAIMANT**

8. The following property is surrendered to the creditor, and the automatic stay shall be terminated upon entry of the Order Confirming Plan:

| Creditor | Amount of Claim | Description of Property |
|---|---|---|
| **Bank of America** | **$171,496.64** | **810 20th Street East, Bradenton, Florida** |

Northern District Local Rule 3002.1-1, applies to property surrendered above:

(1) The secured creditor shall have sixty (60) days from confirmation of the Chapter 13 Plan to amend a timely filed secured claim to reflect the remaining unsecured deficiency balance that may occur upon the sale of the subject collateral if the collateral consists of personal property that was not liquidated within the claims bar date period;

(2) The secured creditor shall have ninety (90) days from confirmation of the Chapter 13 Plan to amend a timely filed secured claim to reflect the remaining unsecured deficiency balance that may occur upon the sale of the subject collateral if the collateral consists of real property that was not liquidated within the claims bar date period;

(3) The time periods provided above may be extended by Court Order upon the creditor filing an appropriate Motion using negative notice stating the circumstances necessitating a need for a longer period of time and an estimated deficiency;

(4) If no amended unsecured proof of claim is filed within the given time period and no Motion to Extend the Time is filed, the creditor will then be barred from filing an amended unsecured proof of claim.

**CERTIFICATIONS AND OTHER PROVISIONS**

9. Title to the Debtor's property shall revest in Debtor on confirmation of a plan unless otherwise provided in paragraph 12.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

12. Other Provisions:

**Abatement of Plan Payments:** During the life of the plan, and with notice only to the Chapter 13 Trustee, the debtor may file the Debtor's Election to Abate Plan Payment in a maximum of three (3) plan payments in a 36 month term case, and for a maximum of seven (7) plan payments in a 60 month case. The election can only be used for payment of necessary expenses, or loss of job, and must provide in the Debtor's Election the method to replace the estate funds, unless the Debtor's Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. The Debtor's Election may not be used to abate more than two (2) consecutive payments at any one time. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Abate for a plan payment abatement which does not meet the criteria of this plan provision. However, the Debtor's Election may not be used in any case in which the Trustee is paying the regular monthly mortgage payment through the Plan unless the abatement is only for a portion of the plan payment which will still allow payment of the mortgage payment and the trustee's fee. The Trustee is authorized to adjust the Debtor(s)' pay schedules as set forth in the Election by the Debtor upon the filing of the Election by the Debtor.

**Use of Tax Refunds:**  During the life of the plan, and with notice only to the Chapter 13 Trustee, the debtor may file the Debtor's Election to Use Tax Refund for a maximum of thirty percent (30%) of each tax refund per year in a 36 month term case, plus an additional forty percent (40%) of each additional tax refund per year in a 60 month case. The election can only be used for payment of necessary expenses, or job loss, and must provide in the Debtor's Election to Use Tax Refund the method to replace the estate funds, unless the Debtor's Election states that the plan is and will remain a 100% repayment plan notwithstanding the current and prior abatements. This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Use Tax Refunds for refunds which do not meet the criteria of this plan provision. This Plan provision does not relieve the Debtor of the duty to file and serve tax returns on the Trustee. The Trustee is authorized to adjust the Debtor(s)' pay schedules as set forth in the Election by the Debtor.

**Interest on Unsecured Claims:** Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

**Non-modification of the rights of mortgagees:** The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor. The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

**Annual statements:** Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Date     August 22, 2014                    Signature /s/ Debra Clayton Minor
                                                      Debra Clayton Minor


                                            /s/ Sharon T. Sperling
                                            Sharon T. Sperling
                                            Florida Bar No. 0763489
                                            Attorney for Debtor
                                            P.O. Box 358000
                                            Gainesville FL 32635-8000
                                            (352) 371-3117
                                            (352) 377-6324 fax
                                            sharon@sharonsperling.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Chapter 13 Plan has been furnished by electronic noticing or United States Mail to those listed below on August 22, 2014.

Leigh D. Hart, Trustee                      Michael Gulisano, Esquire
P.O. Box 646                                Van Ness Law Firm, P.A.
Tallahassee, FL 32302                       1239 E. Newport Center Drive, Suite 110
                                            Deerfield Beach FL 33442

                                            /s/ Sharon T. Sperling
                                            Sharon T. Sperling